| **To:** | George T. Gilbert(musicesq@gmail.com) |
|---|---|
| **Subject:** | U.S. Trademark Application Serial No. 98288931 - THE HELM FAMILY MIDNIGHT RAMBLE |
| **Sent:** | June 27, 2024 05:35:50 PM EDT |
| **Sent As:** | tmng.notices@uspto.gov |

**Attachments**

3985535
screencapture-jambands-com-news-2022-11-24-levon-helm-studios-confirms-holiday-shows-17195237626151

**United States Patent and Trademark Office (USPTO)**
**Office Action (Official Letter) About Applicant's Trademark Application**

**U.S. Application Serial No.** 98288931

**Mark:** THE HELM FAMILY MIDNIGHT RAMBLE

**Correspondence Address:**
George T. Gilbert
George T. Gilbert, LLC
8 Hillcrest Ct
South Salem NY 10590
United States

**Applicant:** The Helm Family Midnight Ramble LLC

**Reference/Docket No.** N/A

**Correspondence Email Address:** musicesq@gmail.com

# NONFINAL OFFICE ACTION

**Response deadline.** File a response to this nonfinal Office action within three months of the "Issue date" below to avoid abandonment of the application. Review the Office action and respond using one of the links to the appropriate electronic forms in the "How to respond" section below.

**Request an extension.** For a fee, applicant may request one three-month extension of the response deadline prior to filing a response. The request must be filed within three months of the "Issue date" below. If the extension request is granted, the USPTO must receive applicant's response to this letter within six months of the "Issue date" to avoid abandonment of the application.

**Issue date:** June 27, 2024

The referenced application has been reviewed by the assigned trademark examining attorney. Applicant

must respond timely and completely to the issue(s) below. 15 U.S.C. §1062(b); 37 C.F.R. §§2.62(a), 2.65(a); TMEP §§711, 718.03.

SECTION 2(d) REFUSAL – LIKELIHOOD OF CONFUSION

Registration of the applied-for mark is refused because of a likelihood of confusion with the mark in U.S. Registration No. 3985535. Trademark Act Section 2(d), 15 U.S.C. §1052(d); *see* TMEP §§1207.01 *et seq.* See the attached registration.

Applicant applied to register "THE HELM FAMILY MIDNIGHT RAMBLE" for "Entertainment services in the nature of live musical performances; Entertainment services in the nature of live audio performances by a music group; Entertainment services in the nature of live vocal performances by a music group; Entertainment services in the nature of presenting live musical performances; Entertainment services, namely, providing music tours in the nature of live musical performances; Entertainment, namely, live music concerts; Entertainment, namely, live performances by a musical band; Live performances by a musical group.*"*

The cited mark is "MIDNIGHT RAMBLE" (standard character) for "Entertainment in the nature of visual and audio performances, namely, musical band, rock group performances; Entertainment services in the nature of live musical performances; Entertainment services in the nature of presenting live musical performances; Entertainment, namely, live performances by musical bands."

Trademark Act Section 2(d) bars registration of an applied-for mark that is so similar to a registered mark that it is likely consumers would be confused, mistaken, or deceived as to the commercial source of the goods and/or services of the parties. *See* 15 U.S.C. §1052(d). Likelihood of confusion is determined on a case-by-case basis by applying the factors set forth in *In re E. I. du Pont de Nemours & Co.*, 476 F.2d 1357, 1361, 177 USPQ 563, 567 (C.C.P.A. 1973) (called the "*du Pont* factors"). *In re i.am.symbolic, llc*, 866 F.3d 1315, 1322, 123 USPQ2d 1744, 1747 (Fed. Cir. 2017). Any evidence of record related to those factors need be considered; however, "not all of the *DuPont* factors are relevant or of similar weight in every case." *In re Guild Mortg. Co.*, 912 F.3d 1376, 1379, 129 USPQ2d 1160, 1162 (Fed. Cir. 2019) (quoting *In re Dixie Rests., Inc.*, 105 F.3d 1405, 1406, 41 USPQ2d 1531, 1533 (Fed. Cir. 1997)).

Although not all *du Pont* factors may be relevant, there are generally two key considerations in any likelihood of confusion analysis: (1) the similarities between the compared marks and (2) the relatedness of the compared goods and/or services. *See In re i.am.symbolic, llc*, 866 F.3d at 1322, 123 USPQ2d at 1747 (quoting *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1164-65, 64 USPQ2d 1375, 1380 (Fed. Cir. 2002)); *Federated Foods, Inc. v. Fort Howard Paper Co.*, 544 F.2d 1098, 1103, 192 USPQ 24, 29 (C.C.P.A. 1976) ("The fundamental inquiry mandated by [Section] 2(d) goes to the cumulative effect of differences in the essential characteristics of the goods [or services] and differences in the marks."); TMEP §1207.01.

Similarity of the Marks

Applicant's mark is "THE HELM FAMILY MIDNIGHT RAMBLE". The registered mark is "MIDNIGHT RAMBLE" in standard character form.

The marks create an overall similar commercial impression because they share the highly similar terms "MIDNIGHT" and "RAMBLE."

Marks are compared in their entireties for similarities in appearance, sound, connotation, and commercial impression. *In re Charger Ventures LLC*, 64 F.4th 1375, 1380, 2023 USPQ2d 451, at \*3 (Fed. Cir. 2023) (citing *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1368, 101 USPQ2d 1713, 1720 (Fed. Cir. 2012); *Palm Bay Imps., Inc. v. Veuve Clicquot Ponsardin Maison Fondee En 1772*, 396 F.3d 1369, 1371-72, 73 USPQ2d 1689, 1692 (Fed. Cir. 2005)); TMEP §1207.01(b)-(b)(v). "Similarity in any one of these elements may be sufficient to find the marks confusingly similar." *In re Inn at St. John's, LLC*, 126 USPQ2d 1742, 1746 (TTAB 2018) (citing *In re Davia*, 110 USPQ2d 1810, 1812 (TTAB 2014)), *aff'd per curiam*, 777 F. App'x 516, 2019 BL 343921 (Fed. Cir. 2019); TMEP §1207.01(b).

The incorporation of an entire mark within another has often been found to increase the similarity between the compared marks where, as in the present case, the dominant portion of the marks is the same. *See In re Charger Ventures LLC*, 64 F.4th 1375, 1381-82, 2023 USPQ2d 451, at \*4-5 (Fed. Cir. 2023) (holding SPARK LIVING and SPARK confusingly similar); *Coca-Cola Bottling Co. v. Jos. E. Seagram & Sons, Inc.*, 526 F.2d 556, 557, 188 USPQ 105, 106 (C.C.P.A. 1975) (holding BENGAL LANCER and design and BENGAL confusingly similar); *Double Coin Holdings, Ltd. v. Tru Dev.*, 2019 USPQ2d 377409, at \*6-7 (TTAB 2019) (holding ROAD WARRIOR and WARRIOR (stylized) confusingly similar); *In re Mr. Recipe, LLC*, 118 USPQ2d 1084, 1090 (TTAB 2016) (holding JAWS DEVOUR YOUR HUNGER and JAWS confusingly similar); *Hunter Indus., Inc. v. Toro Co.*, 110 USPQ2d 1651, 1660-61 (TTAB 2014) (holding PRECISION DISTRIBUTION CONTROL and PRECISION confusingly similar); TMEP §1207.01(b)(iii).

Thus, the marks are confusingly similar because applicant's mark, "THE HELM FAMILY MIDNIGHT RAMBLE" creates an overall similar commercial impression with the registered mark "MIDNIGHT RAMBLE."

Comparison of Services

The services are compared to determine whether they are similar, commercially related, or travel in the same trade channels. *See Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369-71, 101 USPQ2d 1713, 1722-23 (Fed. Cir. 2012); *Herbko Int'l, Inc. v. Kappa Books, Inc.*, 308 F.3d 1156, 1165, 64 USPQ2d 1375, 1381 (Fed. Cir. 2002); TMEP §§1207.01, 1207.01(a)(vi).

The compared services need not be identical or even competitive to find a likelihood of confusion. *See On-line Careline Inc. v. Am. Online Inc.*, 229 F.3d 1080, 1086, 56 USPQ2d 1471, 1475 (Fed. Cir. 2000); *Recot, Inc. v. Becton*, 214 F.3d 1322, 1329, 54 USPQ2d 1894, 1898 (Fed. Cir. 2000); TMEP §1207.01(a)(i). They need only be "related in some manner and/or if the circumstances surrounding their marketing are such that they could give rise to the mistaken belief that [the goods and/or services] emanate from the same source." *Coach Servs., Inc. v. Triumph Learning LLC*, 668 F.3d 1356, 1369, 101 USPQ2d 1713, 1722 (Fed. Cir. 2012) (quoting *7-Eleven Inc. v. Wechsler*, 83 USPQ2d 1715, 1724 (TTAB 2007)); TMEP §1207.01(a)(i); *see Made in Nature, LLC v. Pharmavite LLC*, 2022 USPQ2d 557, at \*44 (TTAB 2022) (quoting *In re Jump Designs LLC*, 80 USPQ2d 1370, 1374 (TTAB 2006)).

The identification in the registration and application both identify the identical terms "Entertainment services in the nature of live musical performances; Entertainment services in the nature of presenting live musical performances; Entertainment, namely, live performances by musical bands."

Thus, a likelihood of confusion exists because the marks create a confusingly similar commercial

impression and the services at issue are closely related.

Although applicant's mark has been refused registration, applicant may respond to the refusal(s) by submitting evidence and arguments in support of registration.If applicant responds to the refusal(s), applicant must also respond to the requirement(s) set forth below.

OWNERSHIP OF CITED REGISTRATION

If the mark in the cited registration is owned by applicant, applicant may provide evidence of ownership of the mark by satisfying one of the following:

(1) Record the assignment with the USPTO's Assignment Recordation Branch (ownership transfer documents such as assignments can be filed online at https://assignmentcenter.uspto.gov) and promptly notify the trademark examining attorney that the assignment has been duly recorded;

(2) Submit copies of documents evidencing the chain of title; or

(3) Submit the following statement, verified with an affidavit or signed declaration under 37 C.F.R. §2.20: "**Applicant is the owner of U.S. Registration No. 3985535.**"  To provide this statement using the Trademark Electronic Application System (TEAS), use the "Response to Office Action" form; answer "yes" to questions #3 and #9; then, continuing on to the next portion of the form, in the "Additional Statement(s)" section, find "Active Prior Registration(s)" and insert the U.S. registration numbers in the data fields; and follow the instructions within the form for signing.  The form must be signed twice; a signature is required both in the "Declaration Signature" section and in the "Response Signature" section.

TMEP §812.01; *see* 15 U.S.C. §1060; 37 C.F.R. §§2.193(e)(1), 3.25, 3.73(a)-(b); TMEP §502.02(a).

Recording a document with the Assignment Recordation Branch does not constitute a response to an Office action.  TMEP §503.01(d).

DISCLAIMER REQUIRED

Applicant must disclaim the wording "FAMILY" because it is merely descriptive of an ingredient, quality, characteristic, function, feature, purpose, or use of applicant's services.  *See* 15 U.S.C. §§1052(e)(1), 1056(a); *DuoProSS Meditech Corp. v. Inviro Med. Devices, Ltd.*, 695 F.3d 1247, 1251, 103 USPQ2d 1753, 1755 (Fed. Cir. 2012); TMEP §§1213, 1213.03(a).

The attached evidence from jambands.com shows this wording refers to the Helm family.  Thus, the wording merely describes applicant's goods and/or services because the services are performed by Helm family members.

Applicant may respond to this issue by submitting a disclaimer in the following format:

**No claim is made to the exclusive right to use "FAMILY" apart from the mark as shown.**

For an overview of disclaimers and instructions on how to provide one using the Trademark Electronic Application System (TEAS), see the Disclaimer webpage.

Please call or email the assigned trademark examining attorney with questions about this Office action. Although an examining attorney cannot provide legal advice, the examining attorney can provide additional explanation about the refusal(s) and/or requirement(s) in this Office action. *See* TMEP §§705.02, 709.06.

The USPTO does not accept emails as responses to Office actions; however, emails can be used for informal communications and are included in the application record. *See* 37 C.F.R. §§2.62(c), 2.191; TMEP §§304.01-.02, 709.04-.05.

**How to respond.** File a **response form to this nonfinal Office action** or file a **request form for an extension of time to file a response**.


> /Jill Prater/
> Jill Prater
> Examining Attorney
> LO119--LAW OFFICE 119
> (571) 272-8257
> Jill.Prater1@uspto.gov


## RESPONSE GUIDANCE

- **Missing the deadline for responding to this letter will cause the application to abandon.** A response or extension request must be received by the USPTO before 11:59 p.m. **Eastern Time** of the last day of the response deadline. Trademark Electronic Application System (TEAS) system availability could affect an applicant's ability to timely respond. For help resolving technical issues with TEAS, email TEAS@uspto.gov.

- **Responses signed by an unauthorized party** are not accepted and can **cause the application to abandon.** If applicant does not have an attorney, the response must be signed by the individual applicant, all joint applicants, or someone with legal authority to bind a juristic applicant. If applicant has an attorney, the response must be signed by the attorney.

- If needed, **find contact information for the supervisor** of the office or unit listed in the signature block.

3985535

# Midnight Ramble

| | |
|---|---|
| **Word Mark** | MIDNIGHT RAMBLE |
| **Goods/Services** | IC 041 US 100 101 107<br>Entertainment in the nature of visual and audio performances, namely, musical band, rock group [ gymnastic, dance, and ballet ] performances; Entertainment services in the nature of live musical performances; Entertainment services in the nature of presenting live musical performances; [ Entertainment services, namely, live, televised and movie appearances by a professional entertainer; ] Entertainment, namely, live performances by musical bands. |
| **Register** | PRINCIPAL |
| **Serial Number** | 85182856 |
| **Filing Date** | 2010-11-22T00:00:00 |
| **Original Filing Basis** | 1a |
| **Current Filing Basis** | 1a |
| **Publication Date** | 2011-04-12 |
| **Registration Number** | 3985535 |
| **Date Registered** | 2011-06-28 |
| **Owner** | (REGISTRANT) Levon Helm Studios, Inc. (CORPORATION; NEW YORK, USA); 160 Plochmann Lane, Woodstock, NEW YORK 12498, UNITED STATES |
| **Type of Mark** | SERVICE MARK |
| **Mark Drawing Code** | (4) STANDARD CHARACTER MARK |
| **Live Dead Indicator** | LIVE |
| **Status** | REGISTERED AND RENEWED |

**Attorney of Record**          Adam Rodriguez

**Print:** June 27, 2024 4:37 PM

https://jambands.com/news/2022/11/24/levon-helm-studios-confirms-holiday-shows/    at 05:29:26, 06/27/2024



## Levon Helm Studios Confirms Holiday Shows

Published: 2022/11/24

Levon Helms Studios have confirmed a series of special holiday shows. On December 16 and 17, the venue will host The Sounding Joy: Benefiting The Washbourne House. Presented by Elizabeth Mitchell and Amy Helm, the first night will feature Natalie Merchant, Joan As Police Woman, Kat Wright and other special guests while the second show will boast Dar Williams, Martha Wainwright, Emily King and a number of others. Then, on December 18 The Hot Sardines will bring their Holiday Stomp at Levon Helm Studios and on December 23 Nefesh Mountain, who collaborated with Mike Gordon last year, will once again stage a Hanukah celebration at the space. Finally, on New Year's Eve Levon Helm Studios will present The Helm Family's Midnight Ramble.

Amy Helm will return to her family's space for the sold out Thanks Given: An Evening to be Grateful tomorrow.

**Show No Comments**

### LATEST NEWS                                    Archive

Bill Wyman Announces First New LP Since 2015, Details Covers-Heavy 'Drive My Car'

Oakland A's to Pay Tribute to Jerry Garcia

Suwannee Roots Revival Adds Molly Tuttle & Golden Highway, Plus More to Final 2024 Artist Lineup

Neil Young and Crazy Horse Announce "Big Unplanned Break" From Remaining Love Earth Tour

Follow The Arrow Festival Announces Venue Change to Bearsville Theater Due to Weather

Craig Finn Details Fall Tour Dates

Bright Eyes Preview New Album 'Five Dice, All Threes' with "Bells and Whistles"

Eagles Extend Residency at Las Vegas Sphere with December Dates

### MOST POPULAR

Most Read    Most Commented

1. Watch: Dead & Company Remind Fans "Man Smart, Woman Smarter" on Week Six Opener

2. For The Sake of Incredible Energy and Smiley-Ness: A

Conversation with Marco Benevento and Mike Gordon

3. Disco Biscuits Add First Time Original and Cover to Electric Forest Set

4. The String Cheese Incident Welcome Big Gigantic's Dominic Lalli, Cover Post Malone and Paul McCartney at Electric Forest

5. Widespread Panic Debut "Small Town" at Red Rocks, Reach 72 Consecutive Sold-Out Shows at Colorado Venue

6. Widespread Panic Accentuate Night Two at Red Rocks with Jason Crosby on Fiddle

7. Jason Isbell Welcomes Zach Bryan for "King of Oklahoma" in Detroit, Dust Off R.E.M. Cover for First-Time Since 2011

8. Trey Anastasio Divulges Phish Lore in New Interview





Expert freelance talent for every *business.*

©2024 - Relix Media Group, LLC          About Us    Contact Us    Advertise    Monthly Contributors    Relix.com    Search

Relix.com

**United States Patent and Trademark Office (USPTO)**

# USPTO OFFICIAL NOTICE

Office Action (Official Letter) has issued
on June 27, 2024 for
**U.S. Trademark Application Serial No. 98288931**

A USPTO examining attorney has reviewed your trademark application and issued an Office action.  You must respond to this Office action to avoid your application abandoning.  Follow the steps below.

**(1)  Read the Office action**.  This email is NOT the Office action.

**(2)  Respond to the Office action by the deadline** using the Trademark Electronic Application System (TEAS).  Your response, or extension request, must be received by the USPTO on or before 11:59 p.m. **Eastern Time** of the last day of the response deadline.  Otherwise, your application will be abandoned.  See the Office action itself regarding how to respond.

**(3)  Direct general questions** about using USPTO electronic forms, the USPTO website, the application process, the status of your application, and whether there are outstanding deadlines to the Trademark Assistance Center (TAC).

After reading the Office action, address any question(s) regarding the specific content to the USPTO examining attorney identified in the Office action.

# GENERAL GUIDANCE

- **Check the status of your application periodically** in the Trademark Status & Document Retrieval (TSDR) database to avoid missing critical deadlines.

- **Update your correspondence email address** to ensure you receive important USPTO notices about your application.

- **Beware of trademark-related scams**.  Protect yourself from people and companies that may try to take financial advantage of you.  Private companies may call you and pretend to be the USPTO or may send you communications that resemble official USPTO documents to trick you.  We will never request your credit card number or social security number over the phone.  Verify the correspondence originated from us by using your serial number in our database, TSDR, to confirm that it appears under the "Documents" tab, or contact the Trademark Assistance Center.

- **Hiring a U.S.-licensed attorney.**  If you do not have an attorney and are not required to

have one under the trademark rules, we encourage you to hire a U.S.-licensed attorney specializing in trademark law to help guide you through the registration process.  The USPTO examining attorney is not your attorney and cannot give you legal advice, but rather works for and represents the USPTO in trademark matters.