GOLDBERG
SEGALLA

Jonathan M. Bernstein | Partner
Direct 518.935.4240 | jbernstein@goldbergsegalla.com

October 12, 2026

***via ECF***

Hon. Mae A. D'Agostino, U.S. District Judge
James T. Foley U.S. Courthouse
445 Broadway
Albany, NY 12207

**Re: Levon Helm Studios v. Amy Helm, et al**
**Civil Case No.: 1:26-cv-1540**

Dear Judge D'Agostino:

Goldberg Segalla LLP has been retained to represent Defendant Sharon Fletcher, Esq. in the above-referenced action. Pursuant to Your Honor's Individual Rules and Practices, Defendant respectfully submits this letter seeking leave to file a motion to dismiss the Complaint in its entirety as against Ms. Fletcher.

In its Complaint, Plaintiff Levon Helm Studios, Inc. ("LHS") asserts claims against Ms. Fletcher for aiding and abetting breach of fiduciary duty (Count VII), breach of fiduciary duty (County VIII), and conspiracy to breach fiduciary duty (Count X), based on her legal work relating to Levon Helm's Estate and certain LHS matters, and certain alleged interactions with other named defendants. A review of the allegations, however, reveals a failure to plead conduct by Fletcher that is alleged to have proximately caused LHS any harm. Accordingly, the claims should be dismissed as against her as a matter of law.

With respect to the aiding and abetting breach of fiduciary duty claim, Plaintiff must allege "(1) a breach by a fiduciary of obligations to another, (2) that the defendant knowingly induced or participated in the breach, and (3) that plaintiff suffered damage as a result of the breach." *Lerner v. Fleet Bank, N.A.*, 459 F.3d 273, 294 (2d Cir. 2006). *See Rsch. Found for the State Univ. of N.Y.*

*v. Inpria Corp.*, 2025 U.S. Dist. LEXIS 25062, *45 (N.D.N.Y. Feb. 12, 2025). Similarly, a breach of fiduciary duty claim requires allegations supporting the existence of a fiduciary relationship, misconduct by the defendant, and damages directly caused by the defendant's misconduct. *Cohen & Lombardo, P.C. v. Connors*, 169 A.D.3d 1399, 1400-01 (4th Dep't 2019); *Pokoik v. Pokoik*, 115 A.D.3d 428, 429 (1st Dep't 2014); *Kurtzman v. Bergstol*, 40 A.D.3d 588, 590 (2d Dep't 2007). And under New York law, allegations of breach of fiduciary duty or aiding and abetting breach of fiduciary duty must be pled with particularity. *See Parekh v. Cain*, 96 A.D.3d 812, 816 (2d Dep't 2012); *Chiu v. Man Choi Chiu*, 71 A.D.3d 621, 623 (1st Dep't 2010).

Here, there are simply no allegations that Ms. Fletcher was aware of efforts by Ms. Helm (or anyone else) to engage in conduct in breach of fiduciary duties to LHS, or that she engaged in any conduct that caused LHS to suffer damage as a result. Indeed, the Complaint's own allegations undermine this. For example, Plaintiff alleges that, before and during a 2017 shareholder meeting, Ms. Fletcher discussed or proposed various corporate actions, including the possible dissolution of LHS. Compl. at ⁋ 68-69. But Plaintiff also expressly alleges that *the shareholders rejected those proposals* and that *Sandy Helm emphatically opposed them. Id. at ⁋73.* Plaintiff likewise alleges that Ms. Fletcher discussed corporate matters with shareholders, yet identifies *no resulting action by LHS and no ensuing harm to the corporation. Id.* at ⁋ *68*. Allegations describing proposals that were rejected and discussions that produced no action do not plausibly establish either substantial assistance or causation.

Critically, the Complaint does not allege that Ms. Fletcher participated in, directed, concealed, or benefited from the conduct that allegedly caused Plaintiff's losses. While it pointedly attributes operational control, financial decision-making, and alleged self-dealing to Amy Helm, nowhere does it allege that Ms. Fletcher controlled LHS finances, managed corporate operations,

concealed information, or otherwise facilitated the alleged misconduct. Compl. ⁋⁋ 72-73, 77. Instead, the Complaint alleges only that Ms. Fletcher provided legal advice, participated in certain discussions, and maintained professional relationships with other defendants, without tying same to any loss incurred. Compl. ¶¶ 18, 26, 30, 72-73, 77.[1] As such, those allegations are insufficient to plausibly establish knowing participation or substantial assistance in any breach of fiduciary duty.

The conspiracy claim fails as well, on two separate grounds. First, New York does not recognize civil conspiracy as an independent cause of action; conspiracy allegations may only connect a defendant to an underlying tort that has been adequately pleaded. *Small v. Lorillard Tobacco Co.*, 94 N.Y.2d 43, 57 (1999); *Alexander & Alexander of New York, Inc. v. Fritzen*, 68 N.Y.2d 968, 969 (1986). Because the Complaint fails to state a viable breach of fiduciary-duty claim against Ms. Fletcher, the conspiracy claim necessarily fails as well. *Cohen & Lombardo, P.C. v. Connors*, , 169 A.D.3d 1399 at 1402. Moreover, Plaintiff alleges only in conclusory fashion that defendants "acted in concert" or "agreed" to pursue a common objective, without identifying any agreement involving Ms. Fletcher or any specific act she took in furtherance of it. It is therefore insufficient for this reason as well. *Alexander & Alexander of New York, Inc.*, 68 N.Y.2d 968 at 969 (conclusory allegations of conspiracy insufficient absent adequately pleaded underlying tort and facts establishing participation in the alleged scheme).

For these reasons, Defendant Sharon Fletcher respectfully requests a pre-motion conference and leave to file a motion to dismiss all claims asserted against her.

---

[1] Repeated references to purported conflicts of interest cannot cure those deficiencies because an alleged conflict, standing alone, does not establish actionable misconduct or resulting injury. Compl. ⁋⁋ 18, 26, 30, 76; *106 N. Broadway, LLC v. Lawrence*, 189 A.D.3d 733, 737-38 (2d Dept. 2020); *Lavanant v. General Accident Ins. Co. of Am.*, 212 A.D.2d 450 (1st Dept. 1995).

Respectfully submitted,

Jonathan M. Bernstein

JMB:ajm

cc: Peter Luccarelli, Esq.